UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL SCHUSTER,<br><br>Plaintiff,<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY and DIANE WILSON,<br><br>Defendants. | Case No. 21-cv-338-JPG |
| AUTO-OWNERS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL COOK, MICHAEL SCHUSTER, and HIGHLAND AUTO GLASS, INC.,<br><br>Defendants. | Case No. 21-cv-348-JPG |
| OWNERS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL COOK and MICHAEL SCHUSTER,<br><br>Defendants. | Case No. 21-cv-1657-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of Michael Schuster, plaintiff in Case No. 21-cv-338-JPG, to consolidate that case pursuant to Federal Rule of Civil Procedure 42(a) with Case No. 21-cv-1657-JPG, in which Schuster is a defendant (Case No. 21-cv-338-JPG, Doc. 38). Schuster and his company Highland Auto Glass, Inc., ("Highland") have also filed a motion in Case No. 21-cv-348-JPG to consolidate it with Case No. 21-cv-1657-JPG (Case No.

21-cv-348-JPG, Doc. 32). No party has responded to the motions.

Rule 42(a) allows the Court discretion to consolidate cases that involve a common question of law or fact. All three cases involve a car accident with underinsured motorist Devin Dahmer in Madison County, Illinois, that occurred on October 4, 2019. At the time of the accident, Schuster, president and majority shareholder of Highland, was driving a vehicle insured by Owners Insurance Company ("Owners," incorrectly named as Auto-Owners Insurance Company in Case No. 21-cv-338-JPG), with Michael Cook as his passenger. Both Schuster and Cook were injured in the accident. Dahmer's insurance tendered the full coverage amount—$100,000 each to Schuster and Cook—and now the parties dispute what Owners should add to the pot under Schuster's underinsured motorist ("UIM") coverage, how it should be split between Schuster and Cook, and whether Owners wrongfully delayed settling Schuster's claim. The parties also dispute whether there is coverage under a separate policy Auto-Owners Insurance Company ("Auto-Owners") issued to Highland.

There are at least four lawsuits stemming from this accident, three of which are currently before this Court:

- In Case No. 21-cv-338-JPG, removed from the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, Schuster seeks attorney's fees and a statutory award because he believes Owners vexatiously and unreasonably delayed settling a claim regarding the October 4, 2019, accident. *See* 215 ILCS 5/155.

- In Madison County state court in Case No. 2020-L-546, Cook sued Dahmer, Schuster, and Highland, for negligence.

- Case No. 21-cv-348-JPG is a declaratory judgment action by Auto-Owners seeking a declaration of no coverage under a separate Garage Liability policy issued to Highland. Auto-Owners believes that, under this policy, it does not owe a duty to defend or indemnify Schuster or Highland in Cook's underlying state action, Case No. 2020-L-546.

- In Case No. 21-cv-1657-JPG, Owners brings an interpleader action seeking a declaration regarding how to allocate between Schuster and Cook the UIM policy limits of Schuster's policy. Owners offers to pay $100,000 into the Court to be dismissed from

this matter, leaving Schuster and Cook to dispute the allocation.

It is clear that all three federal court cases—Case Nos. 21-cv-338-JPG, 21-cv-348-JPG, and 21-cv-1657-JPG—stem from common facts.  However, they are completely different kinds of cases—bad faith failure to settle, interpleader, and insurance coverage of a separate policy—that are likely to be resolved by different legal means—cross-motions for summary judgment regarding insurance policy interpretation, dismissal for interpleader, and trial.  Because of the disparate nature of the legal theories in these three cases, the Court does not believe consolidation would serve the interests of justice or be the most efficient way to resolve all the cases.  The Court therefore **DENIES** the motions to consolidate (Case No. 21-cv-338-JPG, Doc. 38; Case No. 21-cv-348-JPG, Doc. 32).

Nevertheless, there are efficiencies that could be reaped from some kind of coordinated action.  Therefore the Court **ORDERS** that discovery conducted in any of the three cases may be used in any of those cases, and the parties are encouraged to coordinate their discovery plans.

The Court further notes that Case No. 21-cv-1657-JPG had been referred to mandatory mediation.  The Court will also refer Case Nos. 21-cv-338-JPG and 21-cv-348-JPG to the mandatory mediation program as a matter of its discretion.  The Court **ORDERS** that parties in the three cases shall coordinate mediation efforts before a single mediator and, if possible, in a single mediation proceeding.

**IT IS SO ORDERED.**
**DATED:  March 31, 2022**

                                                               s/ J. Phil Gilbert
                                                               **J. PHIL GILBERT**
                                                                **DISTRICT JUDGE**