IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AUTO-OWNERS INSURANCE COMPANY,

         Plaintiff,

   v.

MICHAEL COOK, MICHAEL SCHUSTER, and
HIGHLAND AUTO GLASS, INC.,

        Defendants.

Case No. 21-cv-348-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Auto-Owners Insurance Company's

motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) (Doc. 46).

Auto-Owners seeks declarations about the scope of coverage of an insurance policy it issued to

Defendant Highland Auto Glass, Inc.   Defendant Michael Schuster has responded to the motion

(Doc. 53), and defendant Michael Cook has adopted Schuster's response (Doc. 54).   Because

the plain language of the relevant policy does not provide coverage, and because disallowing

coverage does not violate Illinois public policy as it has existed since 1995, the Court will grant

the summary judgment motion.

## I.   Background

This case stems from an October 4, 2019, auto accident involving Schuster and Cook on

one side, and Devin Dahmer on the other.   Schuster, president and sole shareholder of Highland,

was driving a van he and Highland jointly owned with Cook as his passenger.   Both Schuster

and Cook were injured in the accident.   Cook sued Highland, Schuster, and Dahmer for

negligence in *Michael K. Cook v. Highland Auto Glass, Inc., et al.*, Case No. 2020-L-546, in the

Circuit Court for the Third Judicial Circuit, Madison County, Illinois.

In this suit, Auto-Owners seeks declarations regarding a "Tailored Protection" insurance

policy.   The parties refer to the relevant policy as a "Garage Policy," so the Court will too.   In Count I, Auto-Owners seeks a declaration that it owes no liability coverage under the Garage Policy for Cook's bodily injury claims in the underlying negligence lawsuit and has no duty to defend or indemnify Highland or Schuster in connection with that lawsuit.   In Count II, it seeks a declaration that there is no underinsured motorist coverage ("UIM") for Cook's or Schuster's injuries.

In the pending motion, Auto-Owners seeks summary judgment on all counts except with respect to Cook's claim to UIM coverage, which he has withdrawn.   Auto-Owners argues that the Garage Policy does not cover vehicles owned by Highland or Schuster like the vehicle involved in this accident.   Schuster contends that such an exclusion for UIM coverage violates public policy and is therefore not enforceable.

## II.   Summary Judgment Standard

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).   For the purposes of this motion, all parties essentially agree to the relevant facts, so the question is whether Auto-Owners is entitled to judgment as a matter of law on the questions at issue in the motion.

## III.   Facts

### A.   The Accident

The accident happened on October 4, 2019, near a traffic roundabout in Highland, Illinois, on the Frank Watson Parkway.   Schuster was driving a Ford Econoline van he and Highland owned jointly; Cook was his passenger.   Schuster was carrying glass in the van as part of conducting Highland's business operations.   Dahmer pulled his van into the roundabout in

front of the Highland van, nearly missing the van.   Down the road, Dahmer pulled over, and

Schuster pulled the Highland van to the side of the road several car lengths in front of Dahmer's

van.   Schuster got out, and then Dahmer drove his van into the Highland van, injuring Schuster

and Cook.

       Dahmer's insurance paid its limits to Schuster, and now Schuster has made a claim for a

defense, indemnity, and UIM coverage under Highland's Garage Policy.

       B.    <u>Garage Policy</u>

       At all relevant times, Garage Policy #50-955-220-00 that Auto-Owners issued to

Highland was in place.   When obtaining insurance from Auto-Owners, Highland had a choice of

two garage liability coverage options—Division I or Division II—and it elected, and paid

premiums for, coverage under Division II only.   *See* Policy Declarations (Doc. 46-1 at 3-4).

Where an insured selected only Division II coverage, the Garage Policy provided the following

coverage for bodily injury arising out of an automobile accident:

> **b. Bodily Injury And Property Damage Liability (Auto)**
>
> When a premium is shown in the Declarations for:
>
> (1) Either DIVISION I or DIVISION II, **we** will pay damages for **bodily injury** and **property damage** for which the **insured** becomes legally responsible because of or arising out of an **auto** or **farm implement**:
>
> > (a) Not owned, not hired, not leased, not rented or not registered by **you**, any partner if **you** are a partnership, member if **you** are a limited liability company or officer if **you** are an organization other than a partnership, limited liability company or joint venture; and
> >
> > (b) While used by any person in **your** business.

3

Policy Section II, Coverage A, § 1.b(1) (Doc. 46-1 at 17).   Other coverage for bodily injury

arising out of an accident involving an automobile *owned by the insured* was available only to

insureds who selected and paid for Division I coverage under the Garage Policy.   *Id.* at § 1.b(2)

(Doc. 46-1 at 17-18).   Here, Schuster obtained other automobile insurance for vehicles he and/or

Highland owned.

      The Garage Policy also provided underinsured motorist coverage when a person was

injured while occupying an automobile covered by the foregoing bodily injury policy coverage:

> **2. COVERAGE**
>    **a.** **We** will pay compensatory damages, including
>       but not limited to loss of consortium, any per-
>       son is legally entitled to recover from the owner
>       or operator of an **underinsured auto** for **bodily**
>       **injury** sustained while **occupying** an **auto** that
>       is covered by **SECTION II - COVERAGE** of the
>       policy.

Policy, Underinsured Motorist Coverage, § 2.a (Doc. 46-1 at 50).   Thus, there was underinsured

motorist coverage for vehicles covered under Section II, including specifically vehicles covered

under Section II, Coverage A, § 1.b(1).

**IV.**    **Analysis**

      Under Illinois law, which all parties agree applies to this action, an insurer has an

obligation to defend its insured in an underlying lawsuit if the complaint in the underlying

lawsuit alleges facts potentially within the coverage of the insurance policy, even if the

allegations end up being groundless, false or fraudulent.   *Gen. Agents Ins. Co. of Am., Inc. v.*

*Midwest Sporting Goods Co.*, 828 N.E.2d 1092, 1098 (Ill. 2005).   To determine if the

underlying suit alleges a situation potentially within the insurance coverage, the Court compares

the complaint to the relevant provisions of the insurance policy.   *Id.*   If any theory of recovery

in the underlying complaint falls within the insurance coverage, the insurer will have a duty to

defend.   *Id.*   The duty to defend is broader than the duty to indemnify.   *Pekin Ins. Co. v.*

*Wilson*, 930 N.E.2d 1011, 1017 (Ill. 2010); *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1220 (Ill. 1992).   Therefore, if the Court concludes there is no duty to defend, there is necessarily no duty to indemnify.   *Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 338 (7th Cir. 2010).

Under Illinois law, interpretation of an insurance policy, even an ambiguous policy, is a matter of law.   *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 620 N.E.2d 1073, 1077 (Ill. 1993); *River v. Commercial Life Ins. Co.*, 160 F.3d 1164, 1169 (7th Cir. 1998).   In interpreting a policy, the Court must attempt to effectuate the parties' intention as expressed by the policy.   *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 860 N.E.2d 307, 314 (Ill. 2006).   If the policy is unambiguous, the Court must construe it according to the plain and ordinary meaning of its terms unless doing so would violate public policy.   *Nicor, Inc. v. Associated Elec. & Gas Ins. Servs. Ltd.*, 860 N.E.2d 280, 286 (Ill. 2006).   On the other hand, if the insurance policy is ambiguous, the Court must construe all ambiguities in favor of the insured and against the insurer, who drafted the policy.   *Valley Forge*, 860 N.E.2d at 314.   In comparing the policy and the underlying complaint, the Court must construe the documents liberally in favor of the insured.   *Country Mut. Ins. Co. v. Carr*, 867 N.E.2d 1157, 1160 (Ill. App. Ct. 2007).   Generally, the insured bears the burden of proving the claim is covered under a policy's grant of coverage, and the insurer bears the burden of proving an exclusion applies.   *Addison Ins. Co. v. Fay*, 905 N.E.2d 747, 752 (Ill. 2009).

The Court now turns to the question of whether the Cook's underlying lawsuit alleges claims potentially covered by the Garage Policy.   The Garage Policy is crystal clear that, under Division I or II coverage, it covers bodily injury arising out of an automobile *not* owned, hired leased, rented, or registered by the insured or an officer, if it is a corporation.   Policy Section II, Coverage A, § 1.b(1) (Doc. 46-1 at 17).   Highland was the insured and Schuster was an officer

of Highland, and they both owned the Econoline van.   Thus, there was no coverage under this section for bodily injuries arising from the Econoline van, including from the collision between Dahmer and the van.   The only identified Garage Policy provision that would potentially cover bodily injuries arising out of automobiles owned by the insured is Division I coverage, which Highland did not purchase.   *Id.* at § 1.b(2) (Doc. 46-1 at 17-18).

Additionally, since there is no coverage of the Econoline van under Section II, there is also no underinsured motorist coverage arising from an accident with that van.   Policy, Underinsured Motorist Coverage, § 2.a (Doc. 46-1 at 50).   Neither Highland nor Schuster has pointed to any other provision in the Garage Policy potentially providing coverage for the underlying accident.   Thus, under the plain, unambiguous language of the Garage Policy, Auto-Owners is not required to provide UIM coverage or to defend or indemnify Highland or Schuster in connection with Cook's underlying lawsuit.

Schuster does not dispute that the plain language of the Garage Policy does not provide coverage for the accident at issue in this case, but instead argues that the "exclusion," at least to the extent it precludes UIM coverage, violates public policy.   An insurance policy that, on its face, provides no coverage may nevertheless require the insurer to cover bodily injury damages where it would violate public policy to do otherwise.   *See Progressive Universal Ins. Co. of Ill. v. Liberty Mut. Fire Ins. Co.*, 828 N.E.2d 1175, 1180 (Ill. 2005); *Direct Auto Ins. Co. v. Merx*, 161 N.E.3d 1140, 1146 (Ill. App. Ct. 2020).   A provision violates public policy if it is "clearly contrary to what the constitution, the statutes, or the decisions of the courts have declared to be the public policy of Illinois or unless the agreement is manifestly injurious to the public welfare." *Direct Auto*, 161 N.E.3d at 1147 (internal quotations omitted).   The insured bears the heavy burden of showing an insurance provision violates public policy.   *Id.*   Whether a provision violates public policy depends on the facts and circumstances of the particular case, and the

Court should use its power to invalidate a provision as against public policy sparingly.
*Progressive Universal*, 828 N.E.2d at 1180.

Schuster argues that Auto-Owners' denying him UIM coverage would violate the Illinois public policy of protecting the public by securing payment of damages that occur as a result of motor vehicle accidents, at least to the extent of the statutory minimum liability coverage. *Progressive Universal*, 828 N.E.2d at 1180; *Direct Auto*, 161 N.E.3d at 1147, 1149.   Schuster specifically points to the Illinois Safety and Family Financial Responsibility Law ("Financial Responsibility Law"), which requires motor vehicle owners to maintain liability insurance and mandates minimum coverage levels for that insurance.   625 ILCS § 5/7-601(a).   The Illinois Insurance Code also requires motor vehicle liability policies to include UIM coverage for bodily injury in an amount equal to the amount of uninsured motorist coverage ("UM").   215 ILCS § 5/143a(1); 215 ILCS § 5/143a-2(4).   It defines an underinsured motor vehicle as one whose bodily injury insurance coverage is less than the limits of the UIM coverage in the insured's policy.   215 ILCS § 5/143a-2(4).

Schuster points to nothing in the Garage Policy that violates Illinois public policy.   As a preliminary matter, Schuster does not ask the Court to find a provision in that policy unenforceable as in violation of public policy.   He asks the court to award him the coverage he declined to purchase.   It does not violate public policy to exclude coverage an insured expressly declined to purchase when it was available.   Illinois public policy protects "policyholders and named insureds *for whom protection is specifically contracted*,"   *Direct Auto Ins. Co. v. Merx*, 161 N.E.3d 1140, 1152 (Ill. App. Ct. 2020) (emphasis added; internal quotations omitted), but not for uncontracted protection.

The cases Schuster cites in support of his argument provide examples of courts' refusing to enforce exclusions in a motor vehicle insurance for public policy reasons.   Those cases are

distinguishable from the case at bar because they rely on outdated Illinois public policy.

For example, in *Doxtater v. State Farm Mutual Automobile Ins. Co.*, 290 N.E.2d 284 (Ill. App. Ct. 1972), a motor vehicle insurance policy provided UM coverage for bodily injury but excluded from coverage injuries that occurred while the insured was occupying a vehicle owned by an insured but not listed in the policy declarations (an "owned-vehicle exclusion").  *Id.* at 285-86.   While riding a motorcycle not insured under the policy, one of the insureds was in an accident with an uninsured motorist.  *Id.* at 286.   The insurer denied the UM claim on the grounds that it fell squarely under the exclusion.  *Id.*   The Illinois Court of Appeals agreed but refused to enforce the exclusion, which it found violated Illinois public policy regarding UM coverage.  *Id.* at 287.   The court concluded that Illinois public policy required an insurer to provide UM coverage to all insureds under a motor vehicle policy regardless of whether the insured occupied a vehicle declared in the policy.  *Id.* at 288.

*Squire v. Economy Fire & Cas. Co.*, 370 N.E.2d 1044 (Ill. 1977), cites the *Doxtater* conclusion with approval but was a case not so much about policy exclusions that violate public policy as the need for ambiguous policies to be construed in favor of the insured.  *Id.* at 1049. It is not particularly relevant to the case at bar.[1]

Highland and Schuster fail to recognize that these cases were based on the Illinois Insurance Code provision requiring UM coverage, 215 ILCS § 5/143a(1), *before* it was revised in 1995 and later.   *See Direct Auto*, 161 N.E.3d at 1153 (acknowledging that, "to the extent that the facts of *Doxtater*, *Squire*, and *Roby* involved 'owned-vehicle' exclusions, those cases might well have yielded different results had they been decided after the 1995 amendment to section

---

[1] Schuster also cites *Cincinnati Insurance Co. v. Sohacki*, 168 N.E.3d 1071 (Ind. Ct. App. 2021) (Table), but under Indiana law, that case is to be cited only to establish the law of the case, not to guide application of the law in other cases like this one.   Even so, its conclusion is similar to *Doxtater*'s and does not add anything new to this case.

143a").

As for this case, the version of the statute at the time the Garage Policy was formed and at the time of the accident contained the following provision:

> Uninsured motor vehicle coverage does not apply to bodily injury . . . of an insured while occupying a motor vehicle owned by . . . the insured . . . if that motor vehicle is not described in the policy under which a claim is made. . . .

215 ILCS § 5/143a (2016).   Thus, the public policy of Illinois at the relevant time expressly allowed UM coverage to exclude bodily injury suffered by an insured while in a vehicle that he owned but that was not described in the policy.

Here, the Garage Policy did not describe the Econoline van in the policy.   In fact, it described only autos "[n]ot owned, not hired, not leased, not rented or not registered" by an insured, a category into which the Econoline van did not fall.   The Garage Policy's limitation of coverage to such vehicles is completely consistent with the Illinois Insurance Code's statement that UM coverage does not apply to an insured's injuries while in their own vehicles that are not listed in the policy.   Thus, Schuster's bodily injury while occupying the Econoline van that he owned and that was not described in the Garage Policy does not violate Illinois's public policy as articulated in the Insurance Code.

As a side note, Schuster is not being left high and dry without a remedy for injuries caused by an underinsured motorist.   Schuster maintained a separate personal automobile insurance policy from Owners Insurance Company, an affiliate of Auto-Owners, as required by the Financial Responsibility Law, 625 ILCS § 5/7-601(a).   Owners paid the UIM coverage under that policy, which is in issue in *Schuster v. Owners Insurance Company*, No. 21-cv-338-JPG.   Indeed, in the wake of the accident with Dahmer, Schuster was not left as one of the uncompensated injured that Illinois public policy said should be compensated at least up to the statutorily mandated bodily insurance coverage.

## V.      Conclusion

For the foregoing reasons, the Court:

- **GRANTS** Auto-Owners' motion for summary judgment (Doc. 46); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly, including declarations that:

Plaintiff Auto-Owners Insurance Company owes no duty to defend or indemnify defendants Highland Auto Class, Inc. and Michael Schuster under Tailored Protection Policy No. 50-955-220-00, issued to Highland Auto Glass, Inc. in connection with the lawsuit *Michael K. Cook v. Highland Auto Glass, Inc., Michael Schuster, and Devin Dahmer*, No. 20-L-000546, in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois; and

Plaintiff Auto-Owners Insurance Company owes no underinsured motorist coverage to Michael Schuster under Tailored Protection Policy No. 50-955-220-00, issued to Highland Auto Glass, Inc. in connection with the accident at issue in lawsuit *Michael K. Cook v. Highland Auto Glass, Inc., Michael Schuster, and Devin Dahmer*, No. 20-L-000546, in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**
**DATED:   March 9, 2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**